David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

| | |
|---|---|
| Araba Abbam | )<br>)<br>) |
| Plaintiff, | )<br>) No. |
| - against - | )<br>) |
| Personal Touch Home Care of Westchester, Inc., | ) **Complaint**<br>)<br>) |
| Defendant. | )<br>)<br>) |

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.     Introduction**

1. This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law. Plaintiff also asserts a claim for failure to provide proper notification under the Wage Theft Prevention Act.

**II.     Parties**

2. Plaintiff Araba Abbam ("Plaintiff" or "Ms. Abbam") is a natural person.

3. Defendant Personal Touch Home Care of Westchester, Inc. (the "Employer" or "Defendant") is a New York business corporation with a principle place of business in the State of New York, County of Nassau.

### III. Venue and Jurisdiction

4.     The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5.     The Court has personal jurisdiction over the Employer in that this matter arises from the Employer's employment of the Plaintiff in New York.

6.     Venue is appropriate in that this matter in the Eastern District in that the Employer is located in the Eastern District.

### IV. Background

7.     The thrust of Plaintiff's allegations is that (1) she worked for the Defendant as a live-in home health aid; (2) she did not receive sleep or breaks which qualify under applicable standards; (3) the Defendant knew or should have known about this situation; and therefore (4) she is entitled to be compensated in terms of overtime on the basis of a 24 hour day as opposed to the 13-hour day which the Defendant used.

8.     For 6 years until May 2021 the Employer employed Ms. Abbam as a home health aide who cares for its clients in their homes.  Ms. Abbam performed services exclusively in Westchester County.

9.     Ms. Abbam's job duties while employed by the Employer were that he was primarily engaged in dressing, grooming, feeding, bathing, toileting, transferring the individuals he cared for.  Ms. Abbam's job duties also included general housework such as sweeping, mopping, dusting, bed making, cleaning refrigerators and ovens, sorting and taking out trash, washing dishes, doing laundry, preparing meals, arranging appointments, and shopping for groceries and other household items.  Ms. Abbam spent at least 20% of his work time performing such general housework.

10. As a home health aide, Ms. Abbam would work 24-hour "live-in shifts" which required him to be in a patient's home for 24 hours to provide care and household assistance. During these 24-hour shifts, the Employer required Ms. Abbam to remain in the patient's or patients' home for the entire period. While Ms. Abbam typically had the opportunity to rest during these 24-hour shifts, Ms. Abbam had to remain available to the patients and to immediately provide services as needed.

11. When Ms. Abbam worked such "live-in shifts" she would be paid for only 13 hours. On paper, the Employer expected her to take make meal and sleep breaks for 11 hours for such a shift, however this was just a fantasy. In reality Ms. Abbam was advised at orientation at the start of her employment by a representative of the Employer known as Lauren that she would be paid for only 13 hours per day despite working for longer.

12. Ms. Abbam was paid $208 per day for her work and worked 7 days per week

13. Ms. Abbam denies that she was ever able to sleep for 5 hours without interruption or 8 hours total during his shifts.

14. Accordingly, under applicable law, Ms. Abbam is entitled to compensation based on a 24-hour day as opposed to the 13 hour days for which she was paid. It should also be noted that she did not receive spread of hours pay.

15. Throughout her employment with the Employer, Ms. Abbam maintained a residence apart from the homes of the patients where he worked. Thus she was not a "residential employee" or a "live-in worker" within the meanings of the applicable regulations: 12 NYCRR 142-3.1(b) and 29 CFR 552.102(a).

17. The Employer failed to provide paystubs to Ms. Abbam in that the paystubs did not reflect her actual hours of work as described herein.

**V.     Causes of Action**

Count One: Violation of New York Wage & Hour Law

18.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

19.     Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

20.     The Employer was an employer within the meaning of those same regulations in that it employed Plaintiff.

21.     The Employer violated the above law and regulations in that it did not pay sufficient minimum wages or overtime premiums or spread of hours pay to the Plaintiff and did not provide Plaintiff with proper paystubs reflecting his hours worked.

Count Two: Violation of the Fair Labor Standards Act

22.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

23.     Plaintiff's employment was covered by the Fair Labor Standards Act.  More specifically, the Employer's annual sales/revenue was far in excess of $500,000 as evidenced by the submissions of the Employer and its affiliated entities to the New York Health Planning Council which show that the Employer is part of a multi-state concern which has millions of dollars per year in revenue.

24.     Additionally, multiple employees of the Employer regularly used instrumentalities of interstate commerce in connection with their employment given that the Employer is part of a concern which is operated out of Long Island New York and oversees operations in Pennsylvania, Ohio, Maryland, Massachusetts, and Virginia.

25.     Accordingly, Plaintiff's employment was covered by the Fair Labor Standards Act.

26.     The Defendant violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the overtime hours she worked.

**VI.     Anticipated Objections**

27.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

28.     *The Complaint Fails to Identify a Specific Week in Which Plaintiff Worked Overtime*:     This objection is unreasonable since Plaintiff has made a reasonable estimate as to all of the weeks he worked and it is for the Employer to keep track of her specific days and hours.  Nevertheless, Plaintiff has a specific recollection of the week which started on December 20, 2020 and ended on December 26, 2020.  In this particular week, the patient she was taking care of uncharacteristically failed to attend Christmas mass; this was due to concerns over the Coronavirus epidemic.  Thus, Plaintiff recalls working her normal 24-hour shit for 7 days during this week.

Thus, Ms. Abbam alleges that during the week ended December 26, 2020 she worked 7 full day shifts and that for the reasons stated above she worked 24 compensable hours each shift.  Therefore, his total working hours for that week were 168 which is made of  40 regular hours and 128 overtime hours.  Therefore, given that Ms. Abbam's per diem rate of pay was $208 representing $16 per hour for 13 hours, Ms. Abbam worked 51 overtime hours for which she did not receive overtime premiums and an additional 117 hours for which he was not paid any wages at all, let alone overtime premiums.

29.     *The response to the previous question is totally conclusory.  What is the basis for alleging that Plaintiff was not properly compensated for his overtime hours during the week ended December 26, 2020?*  To answer this question, one needs to determine what Plaintiff's "regular rate of pay" was.  As alleged above, when Ms. Abbam worked a full

5

day's shift, she would be paid for only 13 hours. Thus, for example, for December 20, 2020, Ms. Abbam was paid $208 which represents 13 hours multiplied by $16 per hour. If the $208 Ms. Abbam had received for that day had been intended to compensate her for the full 24 hours she worked, it means that her regular rate was $8.67 per hour which is less than the New York State minimum wage at the time. It is reasonable to infer and assume at this stage that Ms. Abbam's regular rate exceeded the New York State minimum wage.

30. *What is the basis for alleging that Ms. Abbam's pay for a shift compensated him for only 13 hours?* That is what she was advised at the time of hire. Besides, if the pay was to compensate her for 24 hours, it was below the minimum wage.

31. *The Complaint does not adequately allege that Defendant failed to pay overtime premiums to Plaintiff for a specific week.* Plaintiff hereby alleges that during the week ended December 26, 2020, she worked 117 overtime hours for which he received no compensation at all, not "straight" time and not overtime premiums. (She worked 40 regular hours for which she received proper compensation and 11 overtime hours for which she received "straight" time.)

32. *The Plaintiff has provided specific details as to only one week. The Complaint should do so for all weeks.* It is difficult to do that without full records, however the calculation is very straightforward since Plaintiff is alleging that for each shift she worked he was compensated with "straight time" pay for 13 hours of work and not compensated at all for 11 hours of work.

The foregoing is not 100% accurate since there were weeks where Plaintiff worked for only part of a shift. Plaintiff is happy to produced a detailed chart showing the exact number of unpaid straight and overtime hours for each week once the Defendant makes a full production of payroll records.

6

33. *The Complaint does not specify which notifications under the Wage Theft Prevention Act were Deficient and When the Were Provided*.  Plaintiff's paystubs failed to accurately disclose hours worked and therefore there is a violation for each week of employment.

34. *The Complaint does not plausibly allege that Defendant knew or should have known about Plaintiff's hours of work*.  Plaintiff hereby alleges that the time of hire in 2015, she was specifically advised by Lauren that she would be paid for 13 hours but they were expected to be available to the patient at any time day or night, i.e. that they would not necessarily receive an uninterrupted break.

35. *The Complaint has some other Deficiency*.  It is difficult to anticipate every last objection that a creative person could make to this Complaint.  There are always more details which could be added.  To the extent that anything important is missing, Plaintiff seeks leave to amend.

## VI. Demand for Relief

WHEREFORE Plaintiff demands judgment against the Employer in the amount of her unpaid back wages, overtime, lost wages and liquidated damages, compensatory damages, statutory damages and punitive damages, in an amount not more than $1,000,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

          Respectfully submitted,

          David Abrams
           Attorney for Plaintiff
          PO Box 3353 Church Street Station
          New York, NY 10008
          Tel. 212-897-5821
          Fax    212-897-5811

October 18, 2022
New York, New York